JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7933 | DATE | 7/1/2003 |
| CASE TITLE | Arminita Clark vs. Residents' Journal | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's incorrect assumption that only business days counted towards the ninety-day limitation, as well as her unsuccessful attempts to obtain free legal services, do not amount to goof faith error. Equitable tolling permits plaintiff to avoid th bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim. Defendant's motion to dismiss (15-1) is granted. In court hearing set for 7/17/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 03 2003 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/1/2003 | |
| | | courtroom deputy's initials GL | 03 JUL -1 PM 3:28 Date/time received in central Clerk's Office | date mailed notice GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ARMINITA CLARK, )
)
        Plaintiff, )
)
v. ) Case No. 02 C 7933
)
RESIDENTS' JOURNAL, )
)
        Defendant. )
)

DOCKETED

JUL 0 2 2003

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Arminta Clark filed a *pro se* complaint against her former employer, Defendant Residents' Journal, alleging that it discriminated against her based on her religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e. Presently before us is Defendant's motion to dismiss for failure to state a claim because the statute of limitations governing Plaintiff's claim has tolled. For the reasons set forth below, we grant Defendant's motion.

I.    BACKGROUND[1]

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging religious discrimination, and received a Notice of Right To Sue ("right-to-sue letter") on August 2, 2002.[2] Plaintiff's right-to-sue letter plainly states in bold, capital letters that

---

[1] For the purposes of a motion to dismiss, we must accept all well-pled allegations as true and construe the complaint in a light most favorable to the plaintiff. *See MCM Partners*, 62 F.3d 967, 972 (7th Cir.1995).

[2] The traditional presumption is that the right-to-sue letter is received five days after it is issued. *See Loyd v. Sullivan*, 882 F.2d 218 (7th Cir.1989). However, the Seventh Circuit has held that in certain cases, the 90-day period does not commence until the plaintiff actually obtains physical possession of the right-to-sue letter issued by the EEOC. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir.1999) (citations omitted). Because Plaintiff admits receiving the right-to-sue letter on August 2, 2002, *see* Clark Aff. ¶1, she therefore had constructive notice beginning on that date. *See Luttrell v. O'Connor Chevrolet, Inc.*, 2001 WL 1539045 at *2 (N.D. Ill. 2001).

claimants must sue the respondent(s) "WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST." Although she was aware that there was a time limit for filing her complaint, Plaintiff believed that she had three months, or until November 2, 2002, in which to file her complaint. Plaintiff speculated that she may have had even longer than November 2, 2002 in which to file because she was unaware that weekends counted toward the 90-day period.

Plaintiff unsuccessfully sought free legal assistance prior to first attempting to file her complaint. She attempted to file her complaint in federal court on October 25, 2002, but an employee of the Office of the Clerk informed her that her complaint was incomplete because she needed to complete the jurisdictional component. The clerk told her that she "had plenty of time" to make the correction and file her complaint. Plaintiff subsequently attempted to secure legal assistance from Vista Legal Services to complete her complaint, but was again unsuccessful. On October 29, 2002, and October 30, 2002, Plaintiff became ill and was confined to her bed. She did not file her complaint on either day. On October 31, 2002, Plaintiff took her daughter to a dental appointment.[3] She did not file her complaint on that day. Plaintiff filed her complaint on November 1, 2002 – 92 days after receiving her right-to-sue letter.

## II. ANALYSIS

### A. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). In considering a motion to dismiss, we must accept all well-pled allegations in the complaint

---

[3] Plaintiff claims this appointment was for her daughter's toothache and that if she had to reschedule, her daughter might have spent several more weeks without dental care. *See* Pl. Mem. in Opp. to Def. Mot. to Dismiss at 7.

as true and draw all reasonable inferences in the plaintiff's favor. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir.1995), *aff'd* 161 F.3d 443 (7th Cir.1998), *cert. denied* 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Defendant alleges that Plaintiff cannot state a claim because the statute of limitations has tolled. Title VII requires a plaintiff to file suit in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. §2000e-5(f)(1). The 90-day filing period may be waived or equitably tolled in certain situations. *See Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982); *See also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723 (1984)(per curiam). Equitable tolling is appropriate where the claimant has actively pursued her judicial remedies or has been induced or tricked into allowing the filing deadline to pass. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990). The Seventh Circuit has interpreted the Supreme Court's opinion in *Baldwin County Welcome Center* as suggesting "that equitable tolling is appropriate where the plaintiff is mislead by the defendant or notified improperly of her rights by the court." *Brown v. Reliable Sheet Metal Works, Inc.*, 852 F.2d 932, 934 (7th Cir.1988). The Seventh Circuit has further held that when the plaintiff has made a good faith error or has been prevented in some extraordinary way from filing her complaint on time, equitable tolling is appropriate. *See Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984) (citation omitted).

B.  **Discussion**

As an initial matter, we conclude that Plaintiff failed to file her complaint in a timely manner. Plaintiff claims she was never told about the 90-day requirement. *See* Clark Aff. ¶¶ 18-19. To the contrary, Plaintiff's right-to-sue letter, which is attached to the complaint, plainly states in bold, capital

letters that claimants must sue the respondent(s) "WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST." Although Plaintiff received her right-to-sue letter on August 2, 2002, she did not file her complaint until November 1, 2002 – 92 days after her receipt of the letter.

Plaintiff contends that she was mislead by an employee of the Office of the Clerk when she attempted to file her complaint on October 25, 2002, five days before the expiration of the 90-day deadline. On that day, a clerk purportedly informed her that the Office of the Clerk would not accept her complaint until she circled the jurisdictional component of her complaint. The clerk allegedly told Plaintiff that she "had plenty of time" to make the correction and file her complaint. *See* Clark Aff. ¶ 13. In support of her contention, Plaintiff cites *Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 153 (E.D. Pa. 2001), in which the clerk of court incorrectly informed the *pro se* plaintiff that he had "done everything required of him," even though he had not yet paid the filing fee. The *Scary* court allowed equitable tolling, finding that the clerk's statement was untrue and had induced plaintiff to file late. *See id. Scary* is distinguishable. Here, Plaintiff has not alleged that the statements of the clerk were untrue. Indeed, the clerk here may have told Plaintiff the truth by asking her to complete the jurisdictional basis section of her complaint. Furthermore, we cannot find the clerk's alleged statement that plaintiff "had plenty of time" to circle a jurisdictional statute of the complaint misleading. At the time the clerk informed Plaintiff of her remaining duty, Plaintiff still had five days to file her complaint. We do not conclude that the clerk's statement could be construed as instructing the Plaintiff that the ninety-day limitation was inapplicable.

A court may grant equitable tolling where the claimant has "actively pursued his judicial remedies," *Irwin*, 498 U.S. at 96, and "for situations in which the claimant has made a good faith error." *Jones*, 744 F.2d at 1314. For example, equitable tolling is justified where a plaintiff timely files a

complaint, but files it in the wrong court. *See Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). Plaintiff in this case did not timely file in the wrong court. In fact, Plaintiff did not timely file at all. Although she brought the complaint into the clerk's office on the 85th day, she had not completed it. Plaintiff did not, therefore, actively pursue a judicial remedy.

Plaintiff further argues that extraordinary circumstances prevented her from filing her complaint after her visit to the Office of the Clerk on October 25, 2002. Those extraordinary circumstances consist of her illness on the 89th and 90th days, as well as her daughter's dental appointment on the 91st day. The threshold necessary to trigger equitable tolling is very high. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)(holding equitable tolling inappropriate even where attorney's father died three weeks prior to the deadline). Here, Plaintiff's sudden illness and her daughter's dental appointment do not meet the high threshold requirement necessary to invoke the doctrine of equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. *See Baldwin County Welcome Ctr.*, 466 U.S at 151. Plaintiff could have filed her complaint prior to her illness or made arrangements to file on the days she was ill. Furthermore, a dental appointment does not excuse her absence from the courthouse on the ninety-first day. Although Plaintiff was only two days late in completing the complaint, the length of the delay in filing has no bearing on this analysis; equitable tolling will apply only to exceptional cases, regardless of how minimal the delay in filing. *See Marcello*, 212 F.3d at 1010.

Plaintiff's incorrect assumption that only business days counted towards the ninety-day limitation, as well as her unsuccessful attempts to obtain free legal services, do not amount to goof faith error. Equitable tolling "permits plaintiff to avoid the bar of the statute of limitations if, despite *all due diligence,* he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter*

*Health Care Corp.*, 920 F.2d 446, 451 (7th Cir.1990) (emphasis added), *cert. denied* 111 S.Ct. 2916 (1991).

Finally, Plaintiff asks that we equitably toll the statute of limitations because of her *pro se* status. A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir.1999). However, Plaintiff's pleadings are not at issue here. The Supreme Court has held that a plaintiff's *pro se* status at the time of filing does not automatically or independently justify equitable tolling. *See Baldwin County Welcome Ctr.*, 466 U.S. at 152. Moreover, courts in the Northern District have held that "the time limit is not flexible, even for *pro se* litigants." *Davis v. Browner*, 113 F. Supp. 2d 1223, 1226 (N.D. Ill. 2000); *see also Wilson v. Doctors Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (*pro se* plaintiff cannot file claim beyond statutory 90-day period without specified basis for equitable tolling). In consideration of the established law, Plaintiff's *pro se* status will not alter our decision to not equitably toll the statute of limitations in this case.[4]

## III. CONCLUSION

For the foregoing reasons, we grant Defendants' motion to dismiss. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 7/1/03

---

[4] While we acknowledge the difficulties faced by litigants without the resources to pay for legal assistance, plaintiff has not pled the exceptional circumstances required to justify equitable tolling.

000489

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Lancelot Johnson, Robert Johnson and Mark Williams,

            Plaintiffs,

v.

Ford Motor Company, Inc. and Hertz Corporation, Inc.,

            Defendants.

FILED-ED4
03 JUN 23 PH 3:16
U.S. DISTRICT COURT

No. 01-C-08882
John Darrah

**DOCKETED**
JUL 0 3 2003

## NOTICE OF MOTION

TO: See Attached Service List

    PLEASE TAKE NOTICE that on ___7-1___, 2003, at _9:00 a.m._/p.m., or as soon thereafter as this motion may be heard, we shall appear before the Honorable John Darrah, in Room , or any Judge sitting in its place or stead, in the Courtroom usually occupied by them in the United States District Court, Northern District of Illinois, Chicago, IL, and, present **Ford Motor Company's Motion to Allow Pro Hac Vice Appearances**, a copy of which is attached hereto.

                                              DONOHUE BROWN MATHEWSON & SMYTH

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH
John A. Krivicich
140 South Dearborn
Suite 700
Chicago, IL 60603
(312) 422-0900

## PROOF OF SERVICE

    I, Valetta B Jackson, a non-attorney, on oath hereby certifies under penalties of perjury as provided by law pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any attached pleading(s) were () personally delivered or (X) placed in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at or before 5:00 p.m. on June __23__, 2003.

Lancelot Johnson v. Hertz Corporation, et al.
Court No. 01 c 08882
Our File No. 00 0489

Service List

Counsel for Lancelot Johnson, Robert Johnson and Mark Williams
Melvin Brooks
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle Street, Suite 2450
Chicago, IL 60602

Tel: 312.977.0200
Fax: 312.977.0209


Counsel for Hertz Corporation
Rita M. Filiaggi
Gerald V. Cleary, III
O'Hagan, Smith & Admunsen
150 N. Michigan Avenue
Suite 3300
Chicago, IL 60601

Tel: 312.894.3200
Fax: 312.894.3210
E-Mails: rfiliaggi@osalaw.com      gcleary@osalaw.com

Counsel for Ford Motor Company

Lee Mickus
Brent Anderson
Snell & Wilmer
1200 17th Street, Suite 19
Denver, CO 80202

Tel: 303.634.2000
Fax: 303.634.2020

000489

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Lancelot Johnson, Robert Johnson and Mark Williams,

Plaintiffs,

v.

Ford Motor Company, Inc. and Hertz Corporation, Inc.,

Defendants.

No. 01-C-08882
John Darrah

FILED-E04
03 JUN 23 PM 3: 16
U.S. DISTRICT COURT

DOCKETED
JUL 03 2003

## FORD MOTOR COMPANY'S
## MOTION TO ALLOW PRO HAC VICE APPEARANCE

Ford Motor Company by its counsel, moves the appearances pro hac vice of Lee Mickus and Brent Anderson as its counsel.

In support of this motion, Ford attached the Applications For Leave to Appear Pro Hac Vice of Lee Mickus and Brent Anderson and states they have paid the requisite fee to the Clerk of the Court, and have designated John A. Krivicich, Donohue Brown Mathewson & Smyth, already of record, as their local counsel.

DONOHUE BROWN MATHEWSON & SMYTH

By: _____
John A. Krivicich

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH
John A. Krivicich
Virginia L. Beach
140 South Dearborn, Suite 700
Chicago, IL 60603
(312) 422-0900